IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL JONATHAN CARLSON, | § | |
| TDCJ-CID NO.328076, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3377 |
| | § | |
| | § | |
| ROBERT QUADA, *et al.*, | § | |
|     Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Michael Jonathan Carlson, a state inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"), has filed a complaint pursuant to 42 U.S.C. § 1983 (Docket Entry No.1), alleging that he has been denied access to the courts. (Docket Entry No.1). Plaintiff has also filed an application to proceed *in forma pauperis*. (Docket Entry No.2). For the reasons to follow, the Court will grant plaintiff's application to proceed as a pauper and dismiss his complaint because it is legally frivolous.

BACKGROUND

Plaintiff, who is a self-proclaimed writ writer, reports that he has three active cases pending in federal district courts and a lawsuit pending in state court, which is non-prison related. (Docket Entry No.1). Plaintiff also reports that he is assisting four other inmates with their litigation. (*Id.*). In addition, plaintiff assists other inmates in writing their grievances, sick call requests, and I-60s. (*Id.*). In the pending complaint, plaintiff claims that he has been denied complete access to the Unit's law library from August 4, 2007, until October 3, 2007, on false allegations that he is requesting law library access and materials for other offenders. He

indicates that as a direct result of the denial of access to the law library, he has been unable to prepare for a scheduled hearing set for October 9, 2007, on his state lawsuit. (*Id.*). He seeks declaratory and injunctive relief and punitive damages from defendants in their individual capacities. (*Id.*).

In support of his claims, plaintiff attached to his complaint the grievances that he has filed with TDCJ-CID regarding the denial of access to the law library. (Docket Entry No.1-2). In Step 1 Grievance No.2007201629, plaintiff complained that defendant Robert Quada, the Wynne Unit Law Library Supervisor, denied him access to the Unit's law library on August 4, 2007, because plaintiff wrote a request for inmate Jack Hammett to go to the law library. (*Id.*, Exhibit A). Plaintiff indicated in the grievance that he also submitted his own request to go to the law library so that he could work on his own cases as well as inmate Hammett's case. (*Id.*). Plaintiff stated that when he arrived at the law library, defendant V. Brown informed him that his request was denied. (*Id.*).

In response to the grievance, defendant Warden Lonnie Johnson informed plaintiff of the following:

> In accordance with TDCJ Unit Law Library Access to Courts 020, to be scheduled for law library access, each offender will be required to provide their name, TDCJ number, housing assignment, work assignment and work hours. An offender is prohibited from requesting law library access or law library materials for another offender. Insufficient evidence was found to substantiate that Mr. Quada has violated procedure or has inappropriately denied your request.

(*Id.*). Plaintiff disagreed with the response and in his Step 2 Grievance, plaintiff complained that he had met the official requirements to acquire a law library pass and that he had not requested law library access for someone else. (*Id.*). Plaintiff indicated that he would only complete a

request for a library pass for another inmate when requested by such inmate because he did not know how to fill one out properly or could not write it himself. (*Id.*).

In his second set of grievances, plaintiff raised the same claims. In Step 1 Grievance No.2007207632, plaintiff claimed that he had been denied access to the law library from August 7, 2007, until August 12, 2007 on grounds that he had requested law library access and materials for another offender. (*Id.*, Exhibit C). Plaintiff stated in the grievance that TDCJ policy allowed him to fill out requests, grievances, sick call requests, and I-60s for inmates who are unable to write or whose handwriting is illegible. (*Id.*). In response, Warden Johnson reiterated that plaintiff had failed to qualify for a law library session because "[t]he rule is clear in stating that no offender can request access for another offender, whether it is supplies or sessions." (*Id.*). Johnson further stated that plaintiff had been informed that he must comply with the policy on five separate occasions, that he had chosen to ignore such instructions, and that he would not qualify for a law library session until he complied with policy. (*Id.*). In his Step 2 grievance, plaintiff again denied requesting law library access for another inmate, and emphasized that he was only helping an inmate to fill out a request. (*Id.*).

## STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. §

1997(e), and 28 U.S.C. §1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under §1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1974; *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory

legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the factual allegations. *Twombly*, 127 S.Ct. at 1964-65 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level).

## DISCUSSION

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999). *See Bounds v. Smith,* 430 U.S. 817 (1977); *Johnson v. Avery,* 393 U.S. 483 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Jones*, 188 F.3d at 325 (citing *Lewis v. Casey,* 518 U.S. 343, 351 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir. 1993); *Lewis,* 518 U.S. at 351.

To prevail on an access-to-the-courts claim, plaintiff must show an " 'actual injury'-that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.' " *Lewis,* 518 U.S. at 349-51 (citation omitted). Although plaintiff has alleged that the denial of access to the Unit's law library has hindered his ability to prepare for a hearing scheduled in a lawsuit filed in state court, he concedes that the state suit is not prison related. Furthermore, plaintiff states no facts that would give rise to a plausible claim that the state lawsuit states a non-frivolous legal claim challenging plaintiff's conviction or the conditions of his confinement. *See Jones*, 188 F.3d at 325. Furthermore,

plaintiff has not alleged that he has suffered any prejudice with respect to any of his lawsuits in federal court. Therefore, his access-to-the-courts claim is subject to dismissal pursuant to 28 U.S.C.§1915(e)(2)(B).

To the extent that plaintiff claims that defendants have denied him access to the law library in retaliation for plaintiff assisting other inmates with prison forms or for assisting other inmates with their litigation, such claim must fail. To state a retaliation claim, an inmate must allege (1) a specific constitutional right, (2) defendants' intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones*, 188 F.3d at 324-25. If the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Plaintiff, like any other inmate, has no constitutional right to provide legal assistance to other inmates. *See Shaw v. Murphy*, 532 U.S. 223, 228 (2001). Therefore, he fails to allege that he has exercised a specific constitutional right for which defendants have engaged in retaliatory conduct. Accordingly, plaintiff's retaliation claim will be dismissed as frivolous.

## CONCLUSION

Based on the foregoing, the Court enters the following ORDERS:

1. Plaintiff's application to proceed *in forma pauperis* (Docket Entry No.2) is GRANTED.

2. The official in charge of the TDCJ-CID trust fund account will deduct twenty per cent (20%) of each deposit made to the plaintiff's inmate trust fund account and pay this to the Court on a regular basis, provided the account exceeds $10, until the filing fee of $350.00 is paid.

3. All other pending motions are DENIED..

4. Plaintiff's complaint is DISMISSED, with prejudice, pursuant to 28 U.S.C.§1915(e)(2)(B). All claims against all defendants are DISMISSED with prejudice.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 31st day of October, 2007

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE